UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIVA STEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGEPOINT EDUCATION, INC.; ANDREW S. CLARK; KEVIN ROYAL; JOSEPH L. D'AMICO;<br><br>Defendants. | Case No.: 19cv460-WQH-MSB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Appointment as Lead Plaintiff and Approval of Counsel filed by Plaintiff Shiva Stein. (ECF No. 8).

## I. PROCEDURAL BACKGROUND

On March 8, 2019, Plaintiff Shiva Stein filed the Complaint against Defendants Bridgepoint Education, Inc.; Andrew S. Clark; Kevin Royal; and Joseph L. D'Amico. (ECF No. 1). Plaintiff brings claims for violation of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and corresponding Rule 10b-5, based on allegations that Defendants

misrepresented or omitted facts regarding revenue recording processes, internal controls, and financial statements.

On May 10, 2019, Plaintiff filed a motion regarding appointment of lead plaintiff and lead counsel. (ECF No. 3).

On June 11, 2019, the Court issued an order to show cause for failure to effectuate service of the Complaint. (ECF No. 4). In addition, the Court denied the motion regarding appointment of lead plaintiff and lead counsel as premature, with leave to refile after proper effectuation of service. *Id.* at 2.

On June 17, 2019, the Court granted the parties' joint motion to deem service effectuated, to relieve Defendants from responding to the Complaint, to provide that an amended complaint would be filed within sixty days of appointment of lead plaintiff and approval of lead counsel, and to allow Plaintiff forty-five days to respond to any motion to dismiss the amended complaint. (ECF No. 7). In addition, the Court ordered Plaintiff to refile any motion regarding appointment of lead plaintiff and lead counsel on or before June 24, 2019. *Id.* The Court ordered a response in opposition to the motion or a statement of non-opposition to be filed in compliance with Local Rule 7.1(e)(2).

On June 18, 2019, Plaintiff filed the Motion for Appointment as Lead Plaintiff and Approval of Counsel with a hearing date of July 22, 2019. (ECF No. 8).

On July 12, 2019, Plaintiff filed a notice of non-opposition stating that no opposition had been filed by July 8, 2019, fourteen days before the noticed hearing date, as required by Local Rule 7.1(e)(2). (ECF No. 12).

The record reflects no further filings.

**II.     DISCUSSION**

    **a. Lead Plaintiff**

The Private Securities Litigation Reform Act (PSLRA) provides that when a private class action securities complaint is filed,

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated

> national business-oriented publication or wire service, a notice advising members of the purported plaintiff class--
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i). In this case, Plaintiff filed the Complaint on March 8, 2019. (ECF No. 1). Plaintiff provides the declaration of Jennifer Pafiti, Plaintiff's counsel. (ECF No. 8-2 at 1). Attached to the declaration is an April 9, 2019 PRNewswire press release, titled "SHAREHOLDER ALERT: Pomerantz Law Firm Reminds Shareholders with Losses on their Investment in Bridgepoint Education, Inc. of Class Action Lawsuit and Upcoming Deadline – BPI," which states,

> Pomerantz LLP announces that a class action lawsuit has been filed against Bridgepoint Education, Inc. . . . and certain of its officers. The class action, filed in United States District Court, Southern District of California, is on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired Bridgepoint securities between March 8, 2016 and March 7, 2019, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 . . . and Rule 10b-5 promulgated thereunder . . . .
> If you are a shareholder who purchased Bridgepoint securities between March 8, 2016, and March 7, 2019, both dates inclusive, you have until May 10, 2019, to ask the Court to appoint you as Lead Plaintiff for the class.

(Ex. A to Pafiti Decl., ECF No. 8-3 at 2). Pafiti states in her declaration that the press release was published on March 11, 2019. (Pafiti Decl. ¶ 2, ECF No. 8-2). In the previous motion regarding lead plaintiff and counsel that the Court denied as premature, Plaintiff attached a GlobeNewswire press release dated March 11, 2019, which provided the same information. ECF No. 3-3 at 2; *see also Pomerantz Law Firm Announces the Filing of a Class Action against Bridgepoint Education, Inc. and Certain Officers – BPI*, Globe Newswire (Mar. 11, 2019, 1:37 PM), https://www.globenewswire.com/news-release/2019/03/11/1751400/0/en/Pomerantz-Law-Firm-Announces-the-Filing-of-a-Class-Action-agai

nst-Bridgepoint-Education-Inc-and-Certain-Officers-BPI.html. The Court concludes that adequate notice has been provided to potential class members. Plaintiff initially filed a motion regarding appointment as lead plaintiff on May 10, 2019. (ECF No. 3). The Court concludes that Plaintiff timely moved to serve as lead plaintiff.

Within ninety days of publication of the notice, a court is required to "consider any motion made by a purported class member in response to the notice" and "appoint as lead plaintiff the member or members of the purported plaintiff class that . . . [is] most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff')." *Id.* at § 78u-4(a)(3)(B)(i). In this case, the Court ruled on the initial May 10, 2019 motion regarding appointment as lead plaintiff on June 11, 2019. (ECF No. 4). The Court provided Plaintiff with additional time to refile the motion following proper service of the Complaint. *Id.* at 2; *see also* ECF No. 7 at 2. Plaintiff refiled the motion on June 18, 2019, corresponding to a hearing date of July 22, 2019. (ECF No. 8). The Court concludes that the Court has timely addressed Plaintiff's motions to serve as lead plaintiff. *See also* Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . .").

The statute provides a rebuttable presumption that the most adequate plaintiff: "has either filed the complaint or made a motion in response to a notice," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* at § 78u-4(a)(3)(B)(iii).

> In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information [that plaintiff] has provided in [the] pleadings and declarations, whether [that plaintiff] satisfies the requirements of Rule 23(a), in particular those of "typicality" and "adequacy." If the plaintiff with the largest financial stake in the controversy provides information that satisfies

4

these requirements, [that plaintiff] becomes the presumptively most adequate plaintiff. . . .
. . . .
At step two of the process, when the district court makes its initial determination, it must rely on the presumptive lead plaintiff's complaint and sworn certification; there is no adversary process to test the substance of those claims. . . . At the third stage, the process turns adversarial and other plaintiffs may present evidence that disputes the lead plaintiff's prima facie showing of typicality and adequacy.

*In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). Claims are "typical" under Rule 23 if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), *as recognized in Achziger v. IDS Prop. Cas. Ins. Co.*, No. 17-35996, 2019 WL 2062053, at *2 (9th Cir. May 9, 2019). Representation is "adequate" when the interests of the plaintiffs and their counsel do not conflict with the interests of other class members, and the plaintiffs and their counsel will prosecute the action vigorously on behalf of the class. *Hanlon*, 150 F.3d at 1020–21. The lead plaintiff presumption is only rebutted if a member of the purported class proves that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.*

In this case, Plaintiff filed the complaint and moved to be appointed lead counsel. Plaintiff believes that with her losses of approximately $28 in connection with her purchase of seven Bridgepoint shares. (Ex. C to Pafiti Decl., ECF No. 8-5 at 2). No competing motions or opposition have been filed, and the Court has no basis for finding that another class member has a larger stake than Plaintiff. Plaintiff states that her claims are typical of the class claims because she and the other class members bring claims based on the same legal theory and arising from the same events; specifically, that Plaintiff and the other class members purchased securities at artificially inflated prices, which fell when it was

disclosed that Defendants had misrepresented or omitted facts regarding Bridgepoint. The Court concludes that Plaintiff has established that she satisfies the "typicality" requirement.

Plaintiff states that there is no antagonism between her interests and the interests of the class, and that she has a sufficient interest in the outcome of the litigation. Plaintiff states that she has retained counsel experienced in vigorous and efficient prosecution of securities class actions. Plaintiff states that she is not aware of any unique defenses that could be raised to render her inadequate to represent the class. Plaintiff states in her declaration that she is willing to serve as lead plaintiff. (Ex. B to Pafiti Decl. ¶ 4, ECF No. 8-4). The Court concludes Plaintiff has established that she satisfies the "adequacy" requirement. Plaintiff is the presumptive most adequate lead plaintiff in accordance with the PSLRA.

No party has opposed Plaintiff's motion for appointment as lead plaintiff. The presumption that Plaintiff is the most adequate lead plaintiff has not been rebutted. The Court is not required to assess any additional potential lead plaintiffs. Absent proof that the lead plaintiff candidate with the largest financial interest does not satisfy the requirements of Rule 23(a), the candidate is "entitled to lead plaintiff status." *In re Cavanaugh*, 306 F.3d at 732. The Court concludes that Plaintiff is entitled to serve as the lead plaintiff in this action.

### b. Lead Counsel

The PSLRA provides that once the court has designated a lead plaintiff, that plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009). Plaintiff requests that the Court approve her selection of the Pomerantz law firm as lead counsel for the class. Plaintiff states that Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. The firm has experience litigating issues similar to

this case and it appears that the firm will adequately represent the interests of all class members. *See* Ex. D to Pafiti Decl., ECF No. 8-6. The Court approves Plaintiff's choice of counsel and appoints Pomerantz as lead counsel.

### III. CONCLUSION

IT IS HEREBY ORDERED that the Motion for Appointment as Lead Plaintiff and Approval of Counsel filed by Plaintiff Shiva Stein (ECF No. 8) is GRANTED. The Court appoints Plaintiff Shiva Stein to serve as lead plaintiff in this action. The Court approves Plaintiff's choice of counsel and appoints Pomerantz as lead counsel in this action.

Dated: August 2, 2019

Hon. William Q. Hayes
United States District Court